UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )    Chapter 11
DELMAR C. GINGERICH and         )
BETTY J. GINGERICH,             )    Bankruptcy No. 03-04663
                                )
     Debtors.                   )
```

**ORDER RE: FINAL APPLICATION FOR COMPENSATION
(FIEGEN LAW FIRM, P.C.)**

This matter came before the undersigned on March 10, 2005 pursuant to assignment. Debtors were represented by attorney Dale Putnam. Tom Fiegen appeared for Fiegen Law Form, P.C., former attorney for Debtors. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

Fiegen Law Firm ("Fiegen") represented Debtors in their Chapter 11 case, filed December 11, 2003. The Court approved Fiegen's withdrawal as counsel for Debtors by Order entered January 20, 2005. Fiegen applies for fees and expenses totaling $8,698.17 for services provided from April 1, 2004 through January 20, 2005. By Order entered May 15, 2004, the Court approved Fiegen's interim application for compensation of fees and expenses of the total amount of $9,393.50 for the period of December 11, 2003 through March 31, 2004. Fiegen also requests the interim application be given final approval.

Debtors object to approval of Fiegen's fee application. They assert some of the work performed was detrimental to the case and the fees charged are excessive.

**FINDINGS OF FACT**

Debtors filed their Chapter 11 case on the eve of a sheriff's sale of their motel property. Throughout this case, Debtors have wished to protect their interest in the motel property and avoid its sale. Their main creditor is Iowa Security Investment Corp. which held a lien on the motel. For some time prior to filing their bankruptcy petition, Debtors

had difficulty maintaining a positive cash flow in their motel business.

After the case was filed, Fiegen assisted Debtors in the sale of their farm property. It received over $150,000 of the sale proceeds which it put into its trust account. Fiegen was concerned about the tax impacts of the sale and was awaiting reports regarding the necessity of making an estimated tax payment from the proceeds. The sale was complicated by the involvement of the Iowa National Heritage Foundation by the buyer.

Fiegen drafted and filed a Chapter 11 plan and a report on claims. Debtor Betty Gingerich instructed Fiegen not to file a disclosure statement. Fiegen had encouraged Debtors to find financing but they were not forthcoming about the details of their attempts. Eventually, they negotiated with a bank to refinance their debt to Iowa Security. They had a profitable year with the motel in 2004. After Fiegen withdrew as Debtors' attorney, Debtors were able to file a Plan which pays creditors in full.

## CONCLUSIONS OF LAW

Under 11 U.S.C. § 330(a)(1) of the Bankruptcy Code, a court can award debtor's attorney compensation for actual and necessary services. The bankruptcy court has broad power and discretion to award or deny attorney fees and a duty to examine them for reasonableness. In re Clark, 223 F.3d 859, 863 (8th Cir. 2000). The burden is on the attorney to prove that the proposed compensation is reasonable. Id.

The Court applies the lodestar analysis, calculated by multiplying the reasonable hourly rate by the reasonable number of hours required to represent the debtor in the case. In re Peterson, 251 B.R. 359, 363 (B.A.P. 8th Cir. 2000); see also In re Apex Oil Co., 960 F.2d 728, 732 (8th Cir. 1992) (adopting lodestar approach). In making this determination, the court must take into consideration whether the professional exercised reasonable billing judgment. In re Nilges, 301 B.R. 321, 325 (Bankr. N.D. Iowa 2003).

## ANALYSIS

Based on the foregoing, the Court concludes Fiegen exercised reasonable billing judgment in this case. The Court

has fully reviewed Fiegen's fee applications in this case and the entire case file.  It is apparent that Debtors were not keeping their attorney informed of their negotiations with lenders.  Debtors themselves caused delays in this case.  Mr. Gingerich has health problems which prevent him from contributing to the business.  Debtor's son involvement has had an impact on Debtor's business.  Mrs. Gingerich appears to have pulled the motel business from the brink of failure through her hard work.  Had it not been for Mr. Fiegen's work on the case, Debtors may not have had the breathing space to accomplish what they have.  It is notable that Debtors' current counsel appeared relatively late in the case after the farm sale was completed and Debtors' motel business started to become profitable.  In these circumstances, the Court concludes that Fiegen's fee application should be approved.

**WHEREFORE**, the Final Application for Court Approval of Compensation of Attorneys' Fees and Expenses by Fiegen Law Firm, P.C. and Allowance as Administrative Expense is APPROVED.

**FURTHER**, compensation to Fiegen Law Firm is approved in the amount of $8,698.17 (fees of $8,110.00 and expenses/fees of $588.17).

**FURTHER**, interim fees previously applied for and approved are given final approval.

DATED AND ENTERED:
April 8, 2005

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE